REID, Judge.
This action for damages was brought by Millard McCrory, individually and on behalf of his minor son, Peter McCrory, and by his wife, Mrs. Edna Crane McCrory, against his insurer, Allstate Insurance Company, and Herman W. Hutchinson, an uninsured motorist, seeking $5,000 on behalf of Millard McCrory, $20,000 for his wife and $5,000 for his minor son.
Plaintiffs allege that on or about April 26, 1964, at about 6:50 P.M., plaintiff Millard McCrory, accompanied by his wife and son, was driving his 1961 Buick station wagon in an easterly direction on Louisiana Highway 22, approximately 2.2 miles West of Ponchatoula, Louisiana; that as he approached Yellow Water Creek, the defendant Herman W. Hutchinson, whose vehicle was in the ditch off the shoulder of the road, attempted to back his 1962 Chevrolet sedan onto the highway immediately in front of the McCrory station wagon, causing the station wagon to collide with the Hutchinson vehicle, resulting in serious personal injuries to him, his wife and his eight year old son; and that the collision was in no way caused or contributed to by Millard McCrory but was due solely to the negligence of the defendant Herman W. Hutchinson. Plaintiffs’ petition further alleges that at the time of *760 the accident Millard McCrory had in full force and effect a hinder of automobile liability insurance covering his 1961 Buiclc station wagon which provided $10,000 uninsured motorist insurance coverage; that Herman W. Hutchinson had no policy of automobile liability insurance in force; that McCrory made demand upon Allstate Insurance Company to compensate him and his family for the injuries under said coverage; that said company unlawfully, unreasonably and arbitrarily refused to make such payments; and that pursuant to the acts of the Legislature of the State of Louisiana providing that plaintiff need not arbitrate such claim, plaintiff made Allstate Insurance Company a defendant in this suit to be served with a copy of process and against whom recovery should be had should the Court find that Herman W. Hutchinson was uninsured and that petitioners are entitled to recovery against him.
Allstate Insurance Company filed three separate answers to the three counts of plaintiffs’ petition, each a general denial and alleging that the accident was caused solely by the negligence of Millard McCrory and alternatively that in the event the Court found Millard McCrory not negligent in any respect or if the Court found McCrory and Herman W. Hutchinson were joint tort feasors than Allstate would be entitled to judgment over and against Herman Hutchinson for 50% of whatever judgment might be rendered against Allstate.
Herman W. Hutchinson filed an exception of no cause or right of action for the reason that if there is liability on the part of Allstate resulting from the accident, then the same results from its contractual relationship with its insured, Millard McCrory.
Allstate filed a supplemental' answer to plead the limits of liability under its policy and to set forth medical payments previously made by it. It also filed a third party petition against Herman Hütchin'son for full indemnity for whatever judgment might be rendered against Allstate.
The Trial Judge found that the sole and proximate cause of the accident was the negligent operation of the automobile-owned and operated by the plaintiff Millard McCrory and his demands for property damage, medical and drug expenses were rejected. He awarded Mrs. Edna V. McCrory the sum of $1,000 for her personal injuries and Peter William McCrory the sum of $100 for his personal injuries, all against Allstate Insurance Company under its uninsured motorist clause of the policy issued to Millard McCrory. The expert witness fee and travel expenses of Dr. J. DeLoach Thames were fixed at the sum of $53.50 and taxed as costs. Judgment was rendered accordingly on December 8, 1965, from which Allstate entered an appeal. Mrs. Edna Crane McCrory and Millard McCrory answered the appeal and asked that the awards to Mrs. McCrory and their son Peter McCrory be increased.
The testimony as to the facts of this case is somewhat contradictory. Millard McCrory testified that he was traveling from Springfield to Ponchatoula and as he approached a curve he noticed down the road a car off the side of the road and when he go within 30 or 40 feet of the car it backed across the road in front of him. He said there was nothing he could do, but hit the car broadside or take to the shoulder of the road to try to miss him, that he did the latter and the left front of his car hit the right front fender of the Hutchinson car. I-Ie admitted that the road was slippery but said he was traveling only about 20 or 25 miles an hour when he saw the car because he had slowed down for the curve in the road. On cross examination he testified that the Hutchinson car had backed out into the highway blocking his lane of traffic and that he turned to the right, toward the ditch, rather than try to go around the Hutchinson car in the opposite lane of traffic because about 200 feet ahead another car was approaching. Later in his testimony he said the Hutchinson car *761 was almost completely across both lanes of traffic.
Sergeant Stevens of the Louisiana State Police testified that from his investigation it appeared that the point of impact between the two vehicles was two or three feet from the shoulder of the road. Regarding the speed of plaintiff’s car, Sergeant Stevens testified as follows:
“MR. DUFRECHE: Now, considering all these circumstances and your knowledge of the road and the fact that Mr. McCrory stated to you that he was driving 45 miles an hour * *
■“MR. MACK: Your Honor, I think his testimony was from 40 to 45 miles an hour.
“MR. DUFRECHE: 40 to 45 miles an hour would you consider that a speed in excess of what would be safe under all those conditions ?
“A. Yes.”
Mr. Antoine Sanee appeared as a witness for the plaintiff. He testified that he was traveling east on the same highway and arrived at the scene of the accident immediately after it occurred. Mr. Sanee was traveling in the same direction as the McCrory car, testified that he also was going about 35 or 40 miles per hour — the same speed Mr. McCrory claimed he was traveling just before the accident — and as he rounded the curve at the scene of the accident, having no knowledge that the accident had occurred, he had no difficulty in bringing his vehicle to a complete stop without running into the two vehicles involved in the wreck. In fact he testified that he did not have to jam his brakes in order to bring his car to a stop but applied his brakes normally as he would do upon seeing an obstruction in the road ahead. This uncontradicted testimony by Mr. Sanee is certainly highly suggestive that 'Mr. McCrory was negligent in the operation of his vehicle.
Mr. Hutchinson testified that just before reaching the Yellow Water Creek bridge he was coming down a hill and at the same time another car was approaching from the opposite direction and in order not to meet the other car exactly on the bridge he applied his brakes and his car skidded off the blacktop into the ditch, tie further testified that he immediately tried to back his car out of the ditch but the car would not move and in a minute or so the McCrory vehicle struck him while his car was still in the ditch with his back wheels up on the shoulder.
After a careful examination of the testimony in this case, there is no doubt but that the record substantiates the Trial Judge’s findings of fact.
Although the Trial Judge found that the sole cause of the accident was the negligence of the plaintiff Millard McCrory and therefore rejected his demands for property damage, medical expenses and drug expenses, he rendered judgment in favor of the guest passengers, Mrs. Edna Crane McCrory and the minor, Peter McCrory for their personal injuries and against Allstate Insurance Company under the uninsured motorist clause of its policy issued to Millard McCrory. It should be pointed out that Mr. McCrory brought this suit exclusively under the uninsured motorist clause of the policy and in his petition alleged that the sole cause of the accident ■was the negligence of the defendant Mr. Hutchinson and he denies any negligence on his own part. This suit was not brought by the guest passenger, Mrs. McCrory, or by the plaintiff as administrator of the estate of his minor child, against Allstate Insurance Company alleging the negligence of the said Millard McCrory. Nor do plaintiffs on this appeal argue that the said Millard McCrory was negligent, but urge upon this Court the proposition that the sole cause of the accident was the negligence of the defendant Plerman W. Hutchinson.
*762 The pertinent clause dealing with uninsured motorists reads as follows:
“To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called ‘bodily injury/ sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages * *
The defendant Allstate Insurance Company argued on this appeal that as the Court held there was no negligence on the part of the defendant Hutchinson, the uninsured motorist, with which finding this Court is in agreement, then under the clear terms of the above quoted clause the plaintiffs, Mrs. McCrory and Mr. McCrory as administrator of the estate of his minor child, would not be entitled to recover from Allstate Insurance Company.
In addition to the above quoted clause, the same section of the policy defines “insured” as “(a) the named insured and any relative; (b) any other person while occupying an insured automobile”.
It is therefore clear that before the insured can recover from his insurer under the uninsured motorist clause he must first be legally entitled to recover from the uninsured motorist. Certainly there is nothing in this clause which makes the insurance company under the present circumstances an absolute insurer regardless of the negligence of the insured motorist. For that reason, it is the opinion of this Court that that portion of the lower Court’s judgment rendered against Allstate Insurance • Company under the uninsured motorist clause is incorrect and should be reversed.
For the foregoing reasons, the judgment of the District Court is affirmed insofar' as it rejects the demands of the plaintiff,, Millard McCrory, individually, for his-personal injuries, medical expenses and' damages, and is reversed insofar as Edna-Crane McCrory, individually, and Millard' McCrory, as administrator of the estate of his minor son, Peter McCrory, are concerned, all costs to be borne by plaintiffs.
Affirmed in part and reversed in part..